UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDACE HOLGERSON, et al., | No. 2:22-cv-01934 DAD AC |
| Plaintiffs, | |
| v. | ORDER |
| L&L TRUCKING, et al., | |
| Defendants. | |

Before the court are two ex parte Motions for the Appointment of Guardian Ad Litem (ECF Nos. 4 and 5), which were referred to the undersigned by District Judge Dale A. Drozd (ECF No. 6).

Under Federal Rule of Civil Procedure 17(c)(2), "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). Local Rule 202 provides the following additional requirements:

> (a) Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.

...

1

> (c) Disclosure of Attorney's Interest. When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

E.D. Cal. L.R. 202.

The Ninth Circuit has held that "[a]lthough the [district] court has broad discretion and need not appoint a guardian ad litem if it determines the person is or can be otherwise adequately protected, it is under a legal obligation to consider whether the person is adequately protected." United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat County, State of Wash., 795 F.2d 796, 805 (9th Cir.1986). Fit parents are presumed to act in the best interests of their children. Troxel v. Granville, 530 U.S. 57, 66 (2000); Doe v. Heck, 327 F.3d 492, 521 (7th Cir. 2003).

Here, plaintiffs ask that Candace Holgerson be appointed guardian ad litem for her minor children, plaintiff P.H. and B.H., as they act as successors in interest to their father Shayne Sutherland, who is deceased. ECF Nos. 4 and 5. Plaintiffs provided a declaration regarding P.H and B.H.'s status as minors, and Ms. Holgerson's parental relationship to them. Id. at 3-7. However, Ms. Holgerson and the minor plaintiffs will be represented by counsel, and they have failed to provide the necessary information regarding the attorney's interest pursuant to Local Rule 202(c).

Plaintiffs' counsel shall file a supplemental affidavit within 14 days of this order providing the necessary information outlined in Local Rule 202(c). A single affidavit directed at both motions is sufficient.

IT IS SO ORDERED.

DATED: December 2, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE