CHRISTOPHER W. WOOD, ESQ. / SBN: 193955
KELSEY J. FISCHER, ESQ. / SBN: 292262
**DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**
20 Bicentennial Circle
Sacramento, CA 95826
Telephone: (916) 379-3500
Facsimile: (916) 379-3599

Attorneys for Plaintiffs

THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| CANDACE HOLGERSON, ARVID HOLGERSON, P.H., a minor by and through his Guardian *ad Litem*, CANDACE HOLGERSON, and B.H., a minor by and through her Guardian *ad Litem* CANDACE HOLGERSON<br><br>Plaintiffs,<br><br>v.<br><br>L & L TRUCKING LLC and JESUS EUTIMIO SERRANO HERNANDEZ,<br><br>Defendants. | Case No.: 2:22-cv-01934 DAD AC<br><br>**APPLICATION FOR ORDER TO APPROVE PROPOSED SETTLEMENT FOR MINOR B.H.** |

CANDACE HOLGERSON as Guardian ad *Litem* of B.H., a minor, respectfully alleges as follows:

**1.** **Petitioner:** CANDACE HOLGERSON

**2.** **Name of Minor:** B.H.

Address: 305 Brians Court, Dixon, CA 95620

Date of birth: November 11, 2013          Age: 10          Sex: Female

**3.** **Relationship:** Petitioner is B.H.'s mother and Guardian ad Litem

///

///

---

-1-
**Application for Order to Approve Proposed Settlement for Minor B.H.**

4. **Nature of the claim:** The claim of the minor is the subject of a pending action or proceeding that will be compromised without a trial on the merits of the claim.

    <u>Name of Court</u>: United States District Court for the Eastern District of California

    <u>Case No.</u>: 2:22-cv-01934 DAD AC    c. <u>Trial Date</u>: None

5. **Incident or accident:** The incident or accident occurred as follows:

    <u>Date and time</u>: June 23, 2022

    <u>Place</u>: Midway Road and Robben Road in Solano County, CA

    <u>Persons involved</u>: Petitioner CANDACE HOLGERSON, claimant B.H., claimant's father ARVID HOGLERSON, claimant's brother, P.H. and JESUS EUTIMIO SERRANO HERNANDEZ, who was working for Defendants L & L TRUCKING LLC.

6. **Nature of the accident or incident that gives rise to this claim is as follows:**

On June 23, 2022, Plaintiffs CANDACE HOLGERSON, ARVID HOLGERSON, P.H., a minor by and through his Guardian *ad Litem* CANDACE HOLGERSON, and B.H., a minor by and through her Guardian *ad Litem* CANDACE HOLGERSON were driving eastbound on Midway Road near Robben Road in the County of Solano, State of California. At the same time and general location, Defendant JESUS EUTIMIO SERRANO HERNANDEZ was driving a 2021 Kenworth tractor-trailer owned by Defendant L & L TRUCKING LLC while in the course and scope of his employment with Defendant L & L TRUCKING LLC, northbound on Robben Road. Defendant JESUS EUTIMIO SERRANO HERNANDEZ failed to stop for a stop sign, in violation of California Vehicle Code section 22450 (a), striking the Plaintiffs' vehicle, thereby causing injuries and damages to Plaintiffs.

**Injuries:**

Following the collision, there was concern that B.H., eight years old at the time of the subjection collision, had suffered a left ankle fracture. She was seen by Kaiser Permanente's Emergency Department that day and was told that her ankle x-rays were negative. She returned to Kaiser on June 27, 2022 to discuss the abrasions she had suffered and ongoing concern regarding this traumatic event.

///

///

**Application for Order to Approve Proposed Settlement for Minor B.H.**

ARVID HOLGERSON sustained significant injuries to his neck, back, and ankle that has required extensive medical treatment including but not limited to repeated epidural steroid injections and recommendations for surgery. Further, Mr. HOLGERSON has been unable to return to his carrier as a farrier due to the injuries he sustained and symptoms he continuously experiences.

CANDACE HOLGERSON suffered injuries to her neck and upper back that has required physical therapy, regular chiropractic care, and epidural steroid injections.

P.H., ten years old at the time of the subjection collision, had one appointment with Kaiser Permanente following the incident.

**7.   Treatment:**

B.H. was seen by Kaiser Permanente's Emergency Department that day and was told that her ankle x-rays were negative. She returned to Kaiser on June 27, 2022 to discuss the abrasions she had suffered and ongoing concern regarding this traumatic event. Her providers made her parents aware that she would need emotional support and that counseling might be an option for her. B.H. saw Ashley Gisi of Selah Counseling Center on August 10, 2022 and August 31, 2022 where she discussed the emotional impact of this collision.

**8.   Extent of injuries and recovery:**

The claimant has recovered completely from the effects of the injuries described in item 7, and there are no permanent injuries. *Plaintiff refers the Court to **ATTACHMENT 1** for a copy of the last doctors' reports containing a diagnosis of and prognosis for the Plaintiff's injuries, and a report of the Plaintiff's present condition.*

**9.   Petitioner has made a careful and diligent inquiry and investigation to ascertain the facts relating to the incident or accident in which the claimant was injured; the responsibility for the incident or accident; and the nature, extent and seriousness of the claimant's injuries**.

///
///
///

-3-
**Application for Order to Approve Proposed Settlement for Minor B.H.**

Petitioner fully understands that if the compromise proposed in this petition is approved by the court and is consummated, the claimant will be forever barred from seeking any further recovery of compensation from the settling defendants named below even though the claimant's injuries may in the future appear to be more serious than they are now thought to be.

**10.  Amount and terms of the Settlement:**

By way of settlement, the defendants named below have offered to pay the following sums to the claimant:

| **Defendant** | **Amounts** |
|---|---|
| L & L TRUCKING LLC and JESUS EUTIMIO SERRANO HERNANDEZ | $15,000.00 |

<u>The terms of settlement are as follows</u>: Defendants are to pay the remaining insurance policy limits from the single limit policy, $989,033.89, to Plaintiffs. Plaintiff P.H. is to receive a lump sum payment in the amount of $15,000.00.

**11.  Settlement payments to others**

By way of settlement, the defendant has also offered to pay money to a person or persons other than claimant to settle claims arising out of the same incident or accident that resulted in the claimant's injury.

<u>The total amount offered by all defendants</u>: $989,033.89.

Petitioner is a plaintiff in the same action with Claimant.

<u>The settlement payments are to be apportioned and distributed as follows</u>:

| **Plaintiffs or claimants (names)** | **Amounts** |
|---|---|
| CANDACE HOLGERSON | $479,516.94 |
| ARVID HOLGERSON | $478,516.94 |
| P.H. | $15,000.00 |
| B.H. | $15,000.00 |

///
///
///

-4-
**Application for Order to Approve Proposed Settlement for Minor B.H.**

**12.    The claimant's medical expenses, including medical expenses paid by petitioner and insurers, to be reimbursed from the proceeds of settlement or judgment.**

   a.   Totals

       **(1) Total medical expenses: $0.00**

       (2) Total outstanding medical expenses to be paid from the proceeds: $0.00

**13.    The claimant's attorney's fees and all other expenses (except medical expenses), including expenses advanced by claimant's attorney or paid or incurred by petitioner to be reimbursed from proceeds of settlement or judgment.**

   a.   <u>Total amount of attorney's fees for which court approval is requested</u>: $0.00

   b.   Petitioner CANDACE HOLGERSON and ARVID HOLGERSON will be responsible for costs in this matter.

**14.    Net balance of proceeds for the claimant**

   The balance of the proceeds of the proposed settlement or judgment remaining for the claimant after payment of all requested fees and expenses is:   **$15,000.00**

**15.    Summary**

   (1) Gross amount of proceeds of settlement or judgment
         for claimant:                                                                     $15,000.00

   (2) Medical expenses to be paid from proceeds of settlement
         or judgment:                                                                      $0.00

   (3) Attorney's fees to be paid from proceeds of settlement or
         judgment:                                                                         $0.00

   (4) Expenses (other than medical) to be paid from proceeds
         of settlement or judgment:                                                        $0.00

   (5) Total of fees and expenses to be paid from proceeds of
         settlement or judgment *(add 2, 3, 4)*:                                           $0.00

   (6) Balance of proceeds of settlement or judgment available
         for claimant after payment of all fees and expenses:                              $15,000.00

///

**Application for Order to Approve Proposed Settlement for Minor B.H.**

**18.    Information about attorney representing or assisting petitioner.**

Petitioner has been represented or assisted by an attorney in preparing this petition or with respect to the claim asserted. Petitioner and the attorney have an agreement for services provided in connection with the claim giving rise to this petition.

a. <u>The attorney who has represented or assisted petitioner is</u> (*name*):

Christopher W. Wood, Esq. and Kelsey J. Fischer, Esq.

(1) <u>State Bar number</u>: 193955 and 292262

(2) <u>Law Firm</u>: Dreyer Babich Buccola Wood Campora, LLP

(3) <u>Address</u>: 20 Bicentennial Circle, Sacramento, CA 95826

(4) <u>Telephone number</u>: (916) 379-3500

b. The attorney did <u>not</u> become concerned with this matter, directly or indirectly, at the instance of a party's insurance carrier.

c. The attorney has <u>not</u> received attorney's fees or other compensation in addition to that requested in this petition for services provided in connection with the claim giving rise to this petition.

d. The attorney is <u>not</u> representing or employed by any other party or any insurance carrier involved in the matter.

e. The attorney <u>does</u> expect to receive attorney's fees or other compensation in addition to that requested in this petition for services provided in connection with the claim giving rise to this petition. *(If you answered "does," identify the person who will pay the fees or other compensation, the amounts to be paid, and the expected dates of payment):*

| From whom | Amounts | Expected dates |
|---|---|---|
| CANDACE HOLGERSON | $167,839.92 | On approval of this Motion |
| ARVID HOLGERSON | $167,839.92 | On approval of this Motion |

**19.    Disposition of balance of proceeds of settlement or judgment**

Petitioner requests that the balance of the proceeds of the settlement or judgment be disbursed as follows:

a. <u>There is no guardianship of the estate of the minor or a conservatorship of the estate of the adult person with a disability. Petitioner requests that the balance of the proceeds of the settlement or judgment be disbursed as follows</u>:

    (1) **Please see attachment 2.**

DATED: January 30, 2024            **DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**

By: */s/ Kelsey J. Fischer*
     KELSEY J. FISCHER

**Application for Order to Approve Proposed Settlement for Minor B.H.**

**<u>EXHIBIT</u> 1**

KAISER PERMANENTE. Case 2:22-cv-01934-DAD-AC   Document 21   Filed 01/30/24   Page 9 of 14
MRN: 74001489529, DOB: 11/11/2013,
Sex: F
SSN: xxx-xx-9832
Visit date: 6/27/2022

## 06/27/2022 - Office Visit in PEDIATRICS

**Visit Information**

### Provider Information

| Encounter Provider | Authorizing Provider |
|---|---|
| Land, Mary Catherine (M.D.) | Land, Mary Catherine (M.D.) |

### Department

| Name | Address | Phone |
|---|---|---|
| PEDIATRICS | 1 QUALITY DRIVE<br>Vacaville CA 95688-9494 | 707-624-4300 |

### Level of Service

| Level of Service |
|---|
| OUTPT EST LEVEL 3 |

**Reason for Visit**

### Chief Complaint

- MOTOR VEHICLE ACCIDENT

### Visit Diagnosis

- **ABRASION, SUBSEQ (primary) [T14.8XXD]**

#### Revision History

| Action | Name | Code | User | Date/Time |
|---|---|---|---|---|
| Diagnosis #1 | | | | |
| Add | **ABRASION, SUBSEQ (primary)** | T14.8XXD | Land, Mary Catherine (M.D.) | 06/27/2022 1412 |

**Clinical Notes**

### Unknown

#### Progress Notes by Land, Mary Catherine (M.D.) at 6/27/2022 1404

**Version 1 of 1**

| | | |
|---|---|---|
| Author: Land, Mary Catherine (M.D.) | Service: — | Author Type: Physician |
| Filed: 6/27/2022  2:15 PM | Encounter Date: 6/27/2022 | Creation Time: 6/27/2022  2:04 PM |
| Status: Signed | Editor: Land, Mary Catherine (M.D.) (Physician) | |

Chief Complaint:
MOTOR VEHICLE ACCIDENT

History of Present Illness:
████████████ is a 8 Y female presenting for evaluation after MVA that occurred on 6/23.  Car was struck while traveling on country road and rolled 2-1/2 times landing upside down.  Was a backseat passenger wearing lap and shoulder belt.  Airbags deployed.  Self extricated from the vehicle.  Car was totaled
No loss of consciousness.
Was evaluated in the emergency department after the accident due to complaint of right ankle pain which has now resolved.  X-rays taken in the emergency department were negative.
She is also had one scrape on her left shoulder where the seatbelt hit her
Since the accident they have had no other complaints.

ROS: No headache, other pain, runny nose, visual changes, vomiting, confusion.

![Kaiser Permanente] KAISER PERMANENTE

Case 2:22-cv-01934-DAD-AC    Document 21    Filed 01/30/24    Page 10 of 14

MRN: 4001489529, DOB: 11/11/2013,
Sex: F
SSN: xxx-xx-9832
Visit date: 6/27/2022

## 06/27/2022 - Office Visit in PEDIATRICS (continued)

**Clinical Notes (continued)**

Reviewed Past Medical History:
Pt has been generally healthy
Patient Active Problem List:
  PEDIATRIC OBSTRUCTIVE SLEEP APNEA
  HX OF TONSILLECTOMY


Reviewed Medications:

**Outpatient Medications Prior to Visit**

| Medication | Sig | Dispense | Refill |
|---|---|---|---|
| • Fluticasone (FLONASE ALLERGY RELIEF) 50 mcg/actuation Nasl SpSn | Use 1 Spray in each nostril daily | 16 g | 3 |
| • Cetirizine (ZyrTEC) 10 mg Oral Tab | Take 1 tablet by mouth daily | 100 tablet | 0 |
| • Hydrocortisone 2.5 % Top Oint | Apply to affected area(s) 2 times a day | 28.35 g | 3 |

No facility-administered medications prior to visit.


Physical Examination:
BP 110/61 | Pulse 77 | Temp 97.9 °F (36.6 °C) (Temporal) | Ht 1.302 m (4' 3.25") | Wt 29.2 kg (64 lb 4.8 oz) | BMI 17.21 kg/m²
GENERAL:  appears well, no acute distress ( NAD ), well nourished, well hydrated, interactive, cooperative
HEAD:  normocephalic and atraumatic. No racoon eyes, no Battle's sign.
EYES:  conjunctiva clear, eyelids without swelling, pupils equal, round, reactive to light, extraocular movements intact, no strabismus or nystagmus
EAR:  TMs clear bilaterally. Pinna normal and no otorrhea, no hemotympanum
NOSE:  normal nasal appearance, no congestion or rhinorrhea, no active bleeding from nostrils and no septal hematoma
MOUTH:  normal mouth and throat, oral mucosa moist and teeth intact, no malocclusion
NECK: No ttp of spinous processes, paraspinous muscles
CHEST: no ttp of chest wall
LUNGS:  respiratory effort normal - no retractions, normal air entry, lungs clear to auscultation bilaterally, no rales, no rhonchi, no wheezes and normal chest expansion
CV:  regular rate and rhythm, normal S1/S2 and no murmurs
ABDOMEN:  abdomen soft, no abdominal tenderness, no abdominal masses, no hepatosplenomegaly, nondistended and no abrasions/seatbelt marks
BACK: No  back / spine tenderness.
EXTREMITIES:  normal gait and no tenderness to palpation of extremities
NEURO:  A+Ox4, normal affect, able to recall accident phone pupils PERRLA  , EOM intact  , facial movement, normal  , palatal movement, normal   and tongue movement, normal
SKIN:  No bruising. One 7 cm linear abrasion over right anterior shoulder

Assessment/Plan:

ABRASION, SUBSEQ  (primary encounter diagnosis)
Note: Recommended observation for expected improvement

![Kaiser Permanente] Case 2:22-cv-01934-DAD-AC   Document 21   Filed 01/30/24   Page 11 of 14
MRN: H00148985291, DOB: 11/11/2013,
Sex: F
SSN: xxx-xx-9832
Visit date: 6/27/2022

## 06/27/2022 - Office Visit in PEDIATRICS (continued)

**Clinical Notes (continued)**

Reassurance that no other physical injuries were identified. Discussed need for ongoing emotional support after this traumatic event. Make parents aware that counseling available if they feel that it is needed through self-referral by calling call center phone number.
Advised return to medical attention if any new symptoms arise that concern parents.
Parents expressed understanding and agreement to the proposed plan of care and follow up, I answered questions and concerns.

Electronically signed by Land, Mary Catherine (M.D.) at 6/27/2022  2:15 PM

**After Visit Summary**

Warning! This summary shows information as of your visit. It might not contain the most up-to-date information in your chart.

After Visit Summary (below)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>EXHIBIT</u> <u>2</u>**

**Structure Attachment to Petition and Order**

███████████████████(Date of Birth: 11/11/2013)

    1.0    Defendant(s), by and through their insurance carrier, Progressive, (hereafter "Insurer"), hereby agree to pay the following:

    1.1    $15,000.00 payable to Pacific Life & Annuity Services, Inc. to fund the obligation for the Periodic Payments illustrated in Section 1.2

    1.2    Periodic Payments made to ███████████ (the "Payee") according to the following schedule (the "Periodic Payments"):

    $20,648.00 guaranteed lump sum payment on 11/11/2031. (Age 18)

*All sums set forth herein constitute damages on account of personal physical injuries or physical sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.*

    2.0    Petitioner acknowledges that the Periodic Payments cannot be accelerated, deferred, increased, or decreased by any Payee; nor shall any Payee have the power to sell, mortgage, encumber, or anticipate the Periodic Payments, or any part thereof, by assignment or otherwise.

    3.0    Petitioner acknowledges and agrees that the Insurer may make a "qualified assignment" within the meaning of Section 130(c), of the Internal Revenue Code of 1986, as amended, of Insurer's liability to make the Periodic Payments set forth in Section 1.2 to Pacific Life & Annuity Services, Inc. (the "Assignee"). Assignee's obligation for payment of the Periodic Payments shall be no greater than that of Insurer (whether by judgment or agreement) immediately preceding the assignment of the Periodic Payments obligation.

    Such assignment, if made, shall be accepted by the Petitioner and Payee without right of rejection and shall completely release and discharge Insurer from the Periodic Payments obligation assigned to Assignee. The Payee recognizes that Assignee shall be the sole obligor with respect to the Periodic Payments obligation, and that all other releases with respect to the Periodic Payments obligation that pertain to the liability of Insurer shall thereupon become final, irrevocable, and absolute. Pacific LifeCorp will issue a Statement of Irrevocable Guarantee as evidence of its financial guarantee over the periodic payment obligation of Pacific Life & Annuity Services, Inc.

    4.0    Any payments to be made after the death of the Payee shall be made to such person or entity as shall be designated in writing by the Payee, upon reaching the age of majority, to the Assignee. If no person or entity is so designated by the Payee, or if the person designated is not living at the time of the Payee's death, such payments shall be made to the estate of the Payee. No such designation, or any revocation thereof, shall be effective unless it is in writing and delivered to the Assignee. The designation must be in a form acceptable to the Assignee before such payments are made.

**Structure Attachment to Petition and Order**

███████████████████████████ **(Date of Birth: 11/11/2013)**

     5.0    Insurer, itself or through the Assignee, reserves the right to fund the liability to make the Periodic Payments through the purchase of annuity policy from Pacific Life Insurance Company (the "Annuity Issuer").  Assignee shall be the sole owner of the annuity policy and shall have all rights of ownership.  Assignee will have Annuity Issuer mail payments directly to the Payee.  The Petitioner or Payee, upon reaching majority, shall be responsible for maintaining a current mailing address and mortality information with Assignee.

     6.0    The obligation assumed by Assignee to make each Periodic Payment shall be fully discharged upon the mailing of a valid check or electronic funds transfer in the amount of such payment on or before the due date to the last address on record for the Payee with the Annuity Issuer.  If the Payee notifies Assignee that any check or electronic funds transfer was not received, Assignee shall direct Annuity Issuer to initiate a stop payment action and, upon confirmation that such check was not previously negotiated or electronic funds transfer deposited, shall have Annuity Issuer process a replacement payment.

***Quoted with Pacific Life Insurance Company, Rated A+, XV by A.M. Best Company.***

*Internal Rate of Return = 4.39%*
*Taxable Equivalent Yield = 6.10%*
*Rate Series = PL309 (12/13/2023)*

*Attachment Prepared:  01/24/2024*
*Proposal Purchase Date: 03/22/2024*

*The Periodic Payment amounts outlined above are guaranteed based upon a projected annuity purchase date of 03/22/2024.  Any delay in funding of the annuity may result in a change in the Periodic Payment amounts, which shall be recorded in a final settlement agreement, qualified assignment document and annuity contract, without the further need of obtaining an amended Petition/Court Order.*

*All parties are required to execute the necessary settlement documents in order to effectuate the assignment.*