UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDACE HOLGERSON, et al., | No. 2:22-cv-01934-DAD-AC |
| Plaintiffs, | |
| v. | ORDER GRANTING APPLICATIONS FOR APPROVAL OF MINOR'S COMPROMISE |
| L&L TRUCKING LLC, et al., | (Doc. Nos. 20, 21) |
| Defendants. | |

On January 30, 2024, plaintiffs P.H. and B.H., by and through their mother and guardian *ad litem*, plaintiff Candace Holgerson, filed applications for an order approving a proposed minor's compromise settling their claims in this action. (Doc. Nos. 20, 21.) Defendants do not oppose the pending applications. For the reasons discussed below, the court will grant both applications motion.

**BACKGROUND**

Plaintiff P.H. is a twelve-year-old male, but he was ten years old at the time of the events giving rise to this action—a vehicle collision that occurred on June 23, 2022. (Doc. No. 20 at 1–2.) Plaintiff B.H. is a ten-year-old female, but she was eight years old at the time of the collision. (Doc. No. 21 at 1–2.)

The pending applications state that, on June 23, 2022, plaintiffs Candace Holgerson, Arvid Holgerson (Candace's husband), minor P.H., and minor B.H. were driving eastbound on

1

1  Midway Road near Robben Road in the County of Solano, State of California.  (Doc. Nos. 20 at
2  2; 21 at 2.)  At the same time and general location, defendant Jesus Eutimio Serrano Hernandez
3  was driving a 2021 Kenworth tractor-trailer owned by defendant L&L Trucking LLC ("L&L")
4  while in the course and scope of his employment with defendant L&L, northbound on Robben
5  Road.  (*Id.*)  Defendant Hernandez failed to stop for a stop sign, in violation of California Vehicle
6  Code § 22450 (a), striking plaintiffs' vehicle, thereby causing injuries and damages to plaintiffs.
7  (*Id.*)

8  Following the collision, there was concern that plaintiff B.H. had suffered a left ankle
9  fracture, but she was seen by Kaiser Permanente's Emergency Department that day and was told
10 that x-rays of her ankle were negative.  (Doc. No. 21 at 2.)  Plaintiff B.H. returned to Kaiser on
11 June 27, 2022 to discuss the abrasions she had suffered and ongoing concern regarding this
12 traumatic event.  (*Id.*)  Her medical providers made her parents aware that she would need
13 emotional support and that counseling might be an option for her.  (*Id.* at 3.)  Plaintiff B.H. saw
14 Ashley Gisi of Selah Counseling Center on August 10, 2022 and August 31, 2022 where she
15 discussed the emotional impact of this collision.  (*Id.*)  Plaintiff B.H. has recovered completely
16 from the effects of her injuries, and she has not suffered permanent injuries.  (*Id.*)

17 On June 27, 2022, plaintiff P.H. saw Kaiser Permanente for an appointment regarding the
18 collision—his only medical appointment following the incident.  (Doc. No. 20 at 3.)  Plaintiff
19 P.H. recovered completely from the effects of his injuries, and he did not suffer any permanent
20 injuries.  (*Id.*)[1]

21 The pending applications attached copies of P.H. and B.H.'s most recent doctors' reports,
22 which reflect their diagnosis and prognosis for their respective injuries and demonstrate that the
23 /////

---

[1] Plaintiff Candace Holgerson suffered injuries to her neck and upper back that has required physical therapy, regular chiropractic care, and epidural steroid injections.  (Doc. No. 20 at 3.)  Plaintiff Arvid Holgerson sustained significant injuries to his neck, back, and ankle that has required extensive medical treatment including but not limited to repeated epidural steroid injections and recommendations for surgery.  (*Id.*)  Further, plaintiff Arvid Holgerson has been unable to return to his career as a farrier due to the injuries he sustained and symptoms he continuously experiences.  (*Id.*)

1  injuries stemmed from the collision that occurred on June 23, 2022, involving defendant
2  Hernandez.  (Doc. Nos. 20 at 8–10; 21 at 9–11.)
3      On October 26, 2022, plaintiffs commenced this action against defendants L&L and
4  Hernandez to recover damages for the personal injuries they sustained in the vehicle collision.
5  (Doc. No. 1.)  On January 20, 2023, defendants filed an answer to the complaint.  (Doc. No. 12.)
6      On January 11, 2024, the parties filed a notice of settlement of all claims brought in this
7  action.  (Doc. No. 18.)  The parties now seek court approval of their settlement agreement.  (Doc.
8  Nos. 20, 21.)  Under the terms of the settlement, defendants have agreed to pay the remaining
9  insurance policy limits from the single limit policy—$989,033.89—to plaintiffs, with plaintiffs
10 P.H. and B.H. each receiving a lump sum payment in the amount of $15,000.00.[2]  (Doc. Nos. 20
11 at 3–4; 21 at 4.)
12     According to the pending applications, neither plaintiff P.H. nor plaintiff B.H. have any
13 medical expenses that are being reimbursed or paid from the settlement proceeds.  (Doc. Nos. 20
14 at 4; 21 at 5.)  In addition, under the attorneys' fee agreement in place for plaintiffs' counsel,
15 neither plaintiff P.H. nor plaintiff B.H. will be paying attorneys' fees to plaintiffs' counsel, rather,
16 plaintiffs' counsel expect to receive payment for attorneys' fees upon the court's approval of the
17 pending applications from plaintiff Candace Holgerson in the amount of $167,839.92 and from
18 plaintiff Arvid Holgerson also in the amount of $167,839.92.  (*Id.*)
19     Finally, the applications state that the $15,000.00 lump sum payment for each plaintiff
20 P.H. and B.H. will be structured with a single periodic payment to occur on their 18th birthdays
21 through an annuity purchased through Pacific Life & Annuity Services, Inc., as specified in
22 Attachment 2 to the pending applications.  (Doc. Nos. 20 at 6, 12–13; 21 at 7, 13–14.)
23 Specifically, plaintiff P.H. will receive "$18,738.00 guaranteed lump sum payment on 09/20/2029
24 (Age 18)" and plaintiff B.H. will receive "$20,648.00 guaranteed lump sum payment on
25 11/11/2031 (Age 18)."
26 /////
27 
28 [2] Under the terms of the settlement agreement, plaintiff Candace Holgerson will receive $479,516.94 and plaintiff Arvid Holgerson will receive $478,516.94.  (Doc. Nos. 20 at 4; 21 at 4.)

3

**LEGAL STANDARD**

This court has a duty to protect the interests of minors participating in litigation before it. *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983). To carry out this duty, the court must "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron*, 724 F.2d at 1363 ("[A] court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem.") (citation omitted).

In examining the fairness of a settlement of a minor's federal claims, the Ninth Circuit has held that a district court's inquiry should focus solely on "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82; *see also id.* at 1179 n.2 (limiting the court's holding to cases involving federal claims only). Where a settlement involves state law claims, federal courts generally are guided by state law. *See* Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial ¶ 15:138 (Cal. & 9th Cir. Eds. 2015) ("Federal courts generally require that claims by minors . . . be settled in accordance with applicable state law. California law requires court approval of the fairness and terms of the settlement."). A settlement for a minor and attorney's fees to represent a minor must be approved by the court. Cal. Prob. Code § 3601; Cal. Fam. Code § 6602. Reasonable expenses and court costs to be paid out of the settlement also must be approved by the court. Cal. Prob. Code § 3601. Finally, the Local Rules of this court require the parties to make disclosures regarding the minors involved, the nature of the controversy, the manner in which the compromise was determined, and whether a conflict of interest may exist between the minor and the minor's attorney. *See* Local Rules 202(b)–(c).

**ANALYSIS**

In petitions for a minor's compromise, courts typically consider such information as the relative worth of the settlement amount, the circumstances of the settlement, counsel's

4

explanation of their views and experiences in litigating these types of actions, and other, similar compromises that have been approved by courts. *See, e.g.*, *Bravo v. United States*, No. 1:14-cv-01004-AWI-JLT, 2016 WL 3418450, at *2–3 (E.D. Cal. June 22, 2016) (considering the posture of the case and the fact that the settlement occurred at a court-supervised settlement conference); *Hagan v. Cal. Forensic Med. Grp.*, No. 2:07-cv-01095-LKK-AC, 2013 WL 461501, at *1 (E.D. Cal. Feb. 5, 2013) (considering court-approved minor's settlements in other cases). Having considered the unopposed applications for approval of the minor's compromises in this case, the undersigned concludes that the settlement agreement is reasonable and in the best interests of plaintiffs P.H. and B.H.

The proposed settlement agreement provides that P.H. and B.H. will each receive $15,000.00 to settle their claims in this personal injury action, which the court finds to be reasonable under the circumstances. While that amount is significantly less than the $479,516.94 and $478,516.94 that plaintiffs Candace Holgerson and Arvid Holgerson respectively will be receiving from the overall $989,033.89 settlement amount offered, the medical records attached to the pending applications reflects that plaintiffs P.H. and B.H. suffered only minor, non-permanent injuries in the collision. For example, plaintiff B.H.'s ankle pain resolved only a few days after the incident, and she presented at Kaiser with no physical injuries other than "one scrape on her left shoulder where the seatbelt hit her." (Doc. No. 21 at 9–10.) Plaintiff B.H. presented with no physical injuries when he was evaluated at Kaiser after the collision. (Doc. No. 20 at 9–10.)

The court has examined cases with similar factual allegations and finds that the recoveries to plaintiffs B.H. and P.H. in this case are commensurate with minors' compromises that have been approved in similar cases involving non-fatal motor vehicle collisions. *See, e.g.*, *Collins v. United States*, No. 2:20-cv-02458-JAM-DMC, 2022 WL 3969552, at *4 (E.D. Cal. Aug. 31, 2022) (approving recovery of $1,500 for each of three minor plaintiffs exclusive of attorney fees and reimbursement to Medi-Cal for their associated liens for claims alleging that a park ranger caused a motor vehicle accident when rounding a corner on a rural dirt road); *De La Cruz v. U.S. Postal Serv.*, No. 1:08-cv-0018-OWW-DLB, 2010 WL 319670, at *4 (E.D. Cal. Jan. 20, 2010)

1  (approving recovery of $5,000 each for two minor plaintiffs in a motor vehicle collision where liability was not clear cut and both minor plaintiffs made a full recovery), *report and recommendation adopted*, No. 1:08-cv-0018-OWW-DLB, 2010 WL 624432 (E.D. Cal. Feb. 17, 2010). Accordingly, the court will grant the pending applications for approval of the minor's compromises for plaintiffs P.H. and B.H.

Further, although plaintiffs P.H. and B.H. are not paying any attorneys' fees from their $15,000 lump sum payments, the court notes that the attorneys' fees amount agreed to be paid by plaintiffs Candace and Arvid Holgerson reflect approximately 33% of the gross settlement amount. In the Eastern District of California, 25% of the recovery is a reasonable benchmark for attorneys' fees in contingency cases involving minors. *See, e.g.*, *Mitchell v. Riverstone Residential Grp.*, No. 2:11-cv-02202-LKK-CKD, 2013 WL 1680641, at *2 (E.D. Cal. Apr. 17, 2013); *McCue v. S. Fork Union Sch. Dist.*, NO. 1:10-cv-00233-LJO-MJS, 2012 WL 2995666, at *2 (E.D. Cal. Jul. 23, 2012); *Welch v. Cnty. of Sacramento*, No. 2:07-cv-00794-GEB-EFB, 2008 WL 3285412, at *1 (E.D. Cal. Aug. 5, 2008); *Red v. Merced Cnty.*, No. 1:06-cv-01003-GSA, 2008 WL 1849796, at *2 (E.D. Cal. Apr. 23, 2008); *Schwall v. Meadow Wood Apartments*, No. 2:07-cv-00014-LKK, 2008 WL 552432, at *1, (E.D. Cal. Feb. 27, 2008); *Walden v. Moffett*, No. 1:04-cv-06680-LJO-DLB, 2007 WL 2859790, at *3 (E.D. Cal. Sept. 20, 2007). Nevertheless, because it is plaintiffs Candace and Arvid Holgerson who have agreed to pay this higher percentage in attorneys' fees, as opposed to the minor plaintiffs, the lump sum payment to plaintiffs B.H. and P.H. are not reduced as a result of the higher percentage being paid in attorneys' fees. For this reason, the court will not disapprove of the pending settlement based on the amount in attorneys' fees to be paid by plaintiffs Candace and Arvid Holgerson.

**CONCLUSION**

For the reasons set forth above:

1. Plaintiffs' application for approval of a proposed settlement for minor plaintiff P.H. (Doc. No. 20) is granted;

2. Plaintiffs' application for approval of a proposed settlement for minor plaintiff B.H. (Doc. No. 21) is granted;

3. Pursuant to the terms of the parties' settlement, defendants shall pay $15,000.00 to plaintiff B.H. and $15,000.00 to plaintiff P.H. to resolve all claims brought by them in this action;

4. Pursuant to the applications to approve the proposed settlement granted by this order:

   a. Defendants shall pay $15,000.00 to plaintiff P.H. in the form of a structured annuity as follows:

      i. Defendants shall pay $15,000.00 to Pacific Life & Annuity Services, Inc. to fund the obligation for a single periodic payment outlined in the Structured Annuity Attachment attached as an exhibit to plaintiff B.H.'s application (*see* Doc. No. 20 at 12–13), specifically: a $18,738.00 guaranteed lump sum payment on 09/20/2029 (age 18);

   b. Defendants shall pay $15,000.00 to plaintiff B.H. in the form of a structured annuity as follows:

      i. Defendants shall pay $15,000.00 to Pacific Life & Annuity Services, Inc. to fund the obligation for a single periodic payment outlined in the Structured Annuity Attachment attached as an exhibit to plaintiff B.H.'s application (*see* Doc. No. 21 at 12–13), specifically: a $20,648.00 guaranteed lump sum payment on 11/11/2031 (age 18); and

5. The parties are reminded of their deadline to file dispositional documents no later than March 6, 2024.  (*See* Doc. No. 23.)

IT IS SO ORDERED.

Dated:  **February 13, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE